UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV319 RWS |
| ) | |
| WILLIAM SHELTON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This newly-filed case is before me for the second time. The first time this case was filed, plaintiff claimed that this Court had subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1). However, I dismissed the case because there was no diversity of citizenship. Now, plaintiff is back and claims that this Court has federal question jurisdiction under 28 U.S.C. § 1331 based upon an alleged Securities Exchange Act claim. Plaintiff alleges that his ownership interest in the limited liability corporation Smoke Tobacco constitutes an "investment contract" under 15 U.S.C. § 78c(a)(10). This claim is alleged as count eight in a ten-count complaint, with the rest of the claims being state law claims. Yet count eight is devoid of sufficient factual allegations that actually establish federal question jurisdiction over this case, and given plaintiff's numerous other allegations about how he used his <u>own</u> efforts to promote Smoke Tobacco, it appears from the face of the complaint that plaintiff cannot allege facts sufficient to establish federal question jurisdiction. Instead, it seems that plaintiff is once again attempting to file a complaint here that really belongs in state court. It is my duty to ensure that I have federal jurisdiction over all cases that are brought before me, and from my review of the complaint I am not convinced that I do.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause in writing by March 1, 2013 why this case should not be dismissed for lack of subject matter jurisdiction.

                                                                            _____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22 day of February, 2013.